**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AARON KAUFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-54-CFC-SRF |
| | ) | |
| JAY BAUMGARDNER and JB MUSIC | ) | |
| DATA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Presently before the court in this civil action for declaratory and equitable relief

concerning the internal affairs, voting control, and governance of a Delaware corporation under

8 *Del. C.* § 225 are the following motions: (1) the motion of defendants Jay Baumgardner and JB

Music Data, LLC (collectively, "Defendants") to dismiss the first amended complaint ("FAC")

pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and/or 12(b)(7), to transfer

venue to the Central District of California under 28 U.S.C. § 1404(a) or, alternatively, to stay the

action, (D.I. 9);[1] (2) the motion of plaintiff Aaron Kaufman ("Kaufman") for leave to file a

second amended complaint ("SAC"), (D.I. 22);[2] (3) Kaufman's motion to remand the case to the

Delaware Court of Chancery, (D.I. 24);[3] (4) Kaufman's motion for expedited consideration of

the motion to remand, (D.I. 26);[4] and (5) Kaufman's motion for leave to file a sur-reply to

---

[1] The briefing and filings associated with Defendants' pending motion to dismiss, transfer, or
stay the case and Kaufman's related motion for leave to file a sur-reply are found at D.I. 10, D.I.
12, D.I. 13, D.I. 15, D.I. 20, D.I. 34, D.I. 40, D.I. 41, D.I. 42, and D.I. 43.
[2] The briefing associated with Kaufman's motion to amend is found at D.I. 23 and D.I. 37. No
reply brief was filed in support of the motion to amend.
[3] The briefing associated with Kaufman's pending motion to remand and the related motion to
expedite is found at D.I. 25, D.I. 27, D.I. 38, and D.I. 39.
[4] The briefing associated with the pending motion to expedite is listed in connection with
Kaufman's motion to remand at n.3, *supra*.

Defendants' motion to dismiss, (D.I. 40).[5] For the following reasons, the motion for leave to file the SAC is GRANTED and the motion to expedite and motion for leave to file a sur-reply are DENIED as moot.[6] I recommend that the court GRANT Kaufman's motion for remand and REMAND the case to the Delaware Court of Chancery.[7] I further recommend that the court DENY Defendants' motion to dismiss the FAC as moot because it is superseded by the SAC.

## I.    BACKGROUND

Unless otherwise noted, the following facts are taken from Kaufman's FAC, which was filed in the Delaware Court of Chancery on January 15, 2026. (D.I. 5; D.I. 12, Ex. C)

In the summer of 2017, Kaufman founded a startup company in the music data and credits space with co-founders Jay Baumgardner and Kyran de Keijzer (collectively, the "Founders"). (D.I. 12, Ex. C at ¶¶ 9, 12-13) The company, Muso.AI Inc. ("Muso.AI"), is a closely held corporation that was incorporated in Delaware in June of 2017, and the Founders executed corporate formation documents and conducted initial board and officer elections on August 21, 2017. (*Id.* at ¶ 13) The Founders also entered into restricted stock purchase agreements ("RSPAs") which included transfer restrictions and a company right of first refusal

---

[5] The briefing and filings associated with the pending motion for leave to file a sur-reply are listed in connection with Defendants' motion to dismiss, transfer, or stay at n.1, *supra*.

[6] The Third Circuit has held that a determination by a magistrate judge on a motion for leave to amend the pleading is not dispositive. *See Continental Cas. Co. v. Dominick D'Andrea, Inc.,* 150 F.3d 245, 251 (3d Cir. 1998). Here, the undersigned judicial officer's resolution of the motion for leave to amend does not dispose of the lawsuit or a claim. *Id.* Under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), the district judge reviewing the magistrate judge's order in a non-dispositive matter may modify, vacate, or reverse the decision only if it is clearly erroneous or contrary to law. *Id.*; *see* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Kaufman's motion to expedite and motion for leave to file a sur-reply are also non-dispositive.

[7] A motion for remand is considered a dispositive motion. *In re U.S. Healthcare,* 159 F.3d 142, 146 (3d Cir. 1998); *Hutchins v. Bayer Corp.,* C.A. No. 08-640-JJF-LPS, 2009 WL 192468, at *3 (D. Del. Jan. 23, 2009). For that reason, the court issues this decision as a Report and Recommendation. *See Drit LP v. Glaxo Grp. Ltd.,* C.A. No. 21-844-LPS-CJB, 2022 WL 605123, at * n.1 (D. Del. Feb. 18, 2022).

("ROFR") process requiring written notice of a proposed transfer of shares and a 30-day election period for Muso.AI to purchase the shares. (*Id.* at ¶¶ 14-15)

On October 14, 2025, de Keijzer emailed Kaufman and Baumgardner to inform them of his intent to sell his shares in Muso.AI to an entity formed and managed by Kaufman. (*Id.* at ¶¶ 28-29) De Keijzer's email also stated that de Keijzer and Kaufman waived the written notice period in the RSPA. (*Id.* at ¶ 30) The following day, Kaufman sent an email notifying Baumgardner of the majority shareholder vote to waive the ROFR and written notice provisions in the RSPA and confirming the majority shareholder vote to execute the agreement for the sale of de Keijzer's shares. (*Id.* at ¶ 31)

During a regular board meeting on October 21, 2025, Kaufman and de Keijzer reaffirmed their decision to waive the ROFR. (*Id.* at ¶¶ 33-34) Baumgardner did not attend the meeting. (*Id.* at ¶ 33) Kaufman emailed Baumgardner on October 28, 2025 to announce a board vote the following day regarding the purchase of de Keijzer's shares. (*Id.* at ¶ 37) Baumgardner was present at the board meeting on October 29, 2025 when the ROFR was presented, but he abstained from voting to exercise the ROFR. (*Id.* at ¶ 39)

On December 17, 2025, Baumgardner's counsel sent a letter purporting to remove Kaufman as a director and officer "effective immediately." (*Id.* at ¶ 43) Among other reasons, the letter cited the transfers of de Keijzer's shares as the basis for Kaufman's removal without a notice-and-cure process. (*Id.* at ¶ 46) On December 30, 2025, Kaufman executed a written ratification confirming that the ROFR was waived as of October 30, 2025. (*Id.* at ¶¶ 40-42)

Baumgardner filed a civil action against Kaufman, de Keijzer, Muso.AI and other related entities in the Los Angeles County Superior Court on January 2, 2026 (the "California Action"). (D.I. 12, Ex. A) In the California Action, Baumgardner asserts direct and derivative causes of

3

action for breach of fiduciary duty, constructive fraud, intentional interference with contract and prospective economic advantage, and other state law claims based on de Keijzer and Kaufman's alleged transfer of shares in violation of the RSPAs' terms. (*Id.*)

On January 7, 2026, Kaufman filed a civil action against Baumgardner in the Delaware Court of Chancery, proceeding *pro se.* (D.I. 1-1) In the original complaint, Kaufman sought a declaratory judgment regarding the validity of the share transfers, ROFR waiver, majority control, and the voidness of Kaufman's purported removal as a director and officer of Muso.AI. (*Id.* at 11-13) Kaufman's civil complaint also alleges that Baumgardner breached his fiduciary duties of loyalty, care, and good faith by attempting to remove Kaufman without the requisite notice, cure period, opportunity to be heard, or board finding. (*Id.* at 14-15) Kaufman then filed a motion for a temporary restraining order and a motion to expedite the proceedings in the Court of Chancery. (D.I. 6-1 at 6-22) Kaufman amended the complaint on January 15, 2026 to add JB Music Data, LLC, a California limited liability company, as a defendant. (D.I. 5; D.I. 12, Ex. C)

On January 16, 2026, Baumgardner removed Kaufman's action from the Court of Chancery to this court based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a). (D.I. 1; D.I. 5) On January 30, 2026, Defendants moved to dismiss Kaufman's amended complaint for lack of personal jurisdiction, failure to state a claim, and/or failure to join a party pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 12(b)(7), respectively. (D.I. 9) In the alternative, Defendants requested that the case be transferred to the Central District of California under 28 U.S.C. § 1404(a) or stayed pending the outcome of the California Action. (*Id.*)

After Defendants filed their motion to dismiss or transfer, Kaufman retained counsel. (D.I. 11) Through counsel, Kaufman responded to Defendants' motion and simultaneously filed

4

three motions: (1) a motion for leave to file a second amended complaint ("SAC"), (D.I. 22); (2) a motion to remand the case to the Court of Chancery, (D.I. 24); and (3) a motion to expedite consideration of the motion for remand, (D.I. 26).[8] In the motion for leave to file a SAC, Kaufman seeks to add AK Holdings PLLC ("AK Holdings") and Muso SPV LLC ("Muso SPV") as plaintiffs and Muso.AI as a derivative plaintiff.[9] (D.I. 23-2) AK Holdings and Muso SPV are Wyoming limited liability companies that hold shares of Muso.AI Class B common stock. (*Id.* at ¶¶ 3-4) Muso SPV is the entity that holds the Class B common shares acquired from nonparty de Keijzer. (*Id.* at ¶ 4) Both AK Holdings and Muso SPV are named defendants in the California Action. (D.I. 12, Ex. A) The proposed SAC also adds Muso.AI as a nominal defendant. (D.I. 23-2 at ¶ 5) Muso.AI is a Delaware corporation with its principal place of business in California. (*Id.*)

## II.    DISCUSSION

At the outset, the court addresses the order in which the pending motions will be addressed. Kaufman filed a motion for expedited consideration of the motion for remand, arguing that remand should be promptly addressed to avoid irreparable harm to Kaufman. (D.I. 27 at 4) Generally, it is appropriate to address a motion for remand before reaching other pending motions, such as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), because remand presents a threshold issue of subject matter jurisdiction. *See HF Hunter Shipping PTE Ltd. v. Atl. Oceanic LLC*, C.A. No. 25-573-JLH-EGT, 2025 WL 3063456, at *2 (D. Del. Nov. 3, 2025).

---

[8] The motion to amend, motion to expedite, and motion to remand were stricken from the docket for noncompliance with the District of Delaware Local Rules and were refiled three days later, on February 5, 2026. (D.I. 19; D.I. 22; D.I. 24; D.I. 26)

[9] Count III of the proposed SAC alleges a claim by Muso.AI derivatively against Baumgardner for breach of fiduciary duty. (D.I. 23-1 at ¶¶ 61-67)

Several circumstances unique to this case indicate that Kaufman's motion for leave to file the SAC should be addressed before the court turns to the motion for remand. Both sides briefed the motion for remand with the assumption that Kaufman's motion for leave to file the SAC would be granted, rendering it difficult for the court to address the motion for remand before considering the motion to amend.[10] (D.I. 25 at 4-6; D.I. 38 at 2-5) Preliminary consideration of the motion to amend is also warranted because Kaufman proceeded *pro se* when he filed the original and amended complaint, and the proposed SAC represents his first attempt at bringing a pleading drafted by retained counsel to amend to cure any deficiencies. *See Ata v. Raymour & Flanigan, Inc.*, C.A. No. 23-397-RGA, 2024 WL 4241540, at *4 (D. Del. Sept. 19, 2024) (citing *Jones v. Jones & Laughlin Steel Corp.*, 750 F.2d 1214, 1215 (3d Cir. 1984)). For example, counsel's proposed amendment to add Muso.AI as a derivative plaintiff and a nominal defendant in the SAC directly responds to Defendants' motion to dismiss for failure to join Muso.AI as an "indispensable party" under Federal Rules of Civil Procedure 12(b)(7) and 19.[11] (D.I. 10 at 16; D.I. 15 at 4-5) Consequently, the court addresses Kaufman's motion to amend before turning to the pending motion for remand.

## A. Leave to Amend under Fed. R. Civ. P. 15(a)

Kaufman's motion for leave to file the SAC is GRANTED. (D.I. 22) Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend the complaint] when justice so requires." "The Third Circuit has adopted a liberal policy favoring the amendment of pleadings

---

[10] To be clear, Defendants oppose Kaufman's motion for remand and motion for leave to amend, arguing that Kaufman's proposed SAC is an exercise in forum-shopping to avoid proceedings in the California Action.

[11] In response to Kaufman's motion to amend and motion for remand, Defendants allege that they "inadvertently conflated the terms 'necessary' and 'indispensable[,]' " modifying their position to suggest that Muso.AI is a necessary party under Rule 19(a) but is not indispensable under Rule 19(b). (D.I. 37 at 4; D.I. 38 at 3-4)

to ensure that claims are decided on the merits rather than on technicalities." *S. Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509, 520 (D. Del. 2010) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990)). Absent a showing of undue delay, bad faith or dilatory motive, undue prejudice, repeated failure to cure deficiencies by amendment previously allowed, or futility of the amendment, leave to amend under Rule 15 should generally be permitted. *Id.* at 520–21 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In support of the motion for leave to amend, Kaufman addresses additional factors the court must consider when the proposed amended pleading seeks to add a party that would destroy diversity jurisdiction after the case is removed. (D.I. 23 at 4-5) Citing 28 U.S.C. § 1447(e) and the Fifth Circuit's decision in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), Kaufman contends that the court must assess: (1) whether the amendment's purpose is to defeat diversity jurisdiction; (2) whether denying amendment will prejudice the plaintiff; (3) whether the plaintiff has delayed in seeking to amend; and (4) any other equities. Defendants correctly note that the statute cited by Kaufman, 28 U.S.C. § 1447(e), only governs a plaintiff's request to join non-diverse *defendants* after removal, and the diversity-destroying aspect of the proposed SAC is the addition of Muso.AI as a derivative *plaintiff.* (D.I. 37 at 3-4); *see also In re Paulsboro Derailment Cases*, 2014 WL 1214037, at *5 (D.N.J. Mar. 24, 2014). Nonetheless, cases within the Third Circuit have extended their application of the *Hensgens* factors to proposed amendments to join a non-diverse plaintiff. *See, e.g., Greenberg v. ProShares Trust*, 2010 WL 11693195, at *2 (D.N.J. Jan. 20, 2010).

Applying the *Hensgens* factors, the court finds no evidence that Kaufman's primary intent in adding Muso.AI as a party was to destroy diversity jurisdiction. Rather, the proposed amendment was made in response to Defendants' argument that the case should be dismissed

7

under Rule 12(b)(7) for failure to add Muso.AI as an indispensable party. (D.I. 10 at 16) Kaufman promptly sought leave to file the proposed SAC less than a week after Defendants' motion to dismiss was filed. (D.I. 16; D.I. 22) Defendants' motion to dismiss under Rule 12(b)(7) also supports the conclusion that Kaufman would be prejudiced if leave to amend were denied. Thus, the *Hensgens* factors weigh in favor of granting Kaufman's motion for leave to file the SAC.

Defendants contend that Kaufman's proposed SAC represents a bad faith attempt at forum shopping which would result in undue prejudice to Defendants.[12] (D.I. 37 at 2-3) Consistent with the arguments raised in Defendants' alternative motion to transfer venue under 28 U.S.C. § 1404(a), Defendants argue that Kaufman's proposed amendment was made in a bad faith effort to avoid application of the "first-to-file" doctrine. (*Id.*; *see also* D.I. 10 at 18-19) However, it is well-established that the first-filed rule does not apply when the first-filed action was brought in California state court, as opposed to federal court. *See Nihon Tsushin Kabushiki Kaisha v. Davidson*, 595 F. Supp. 2d 363, 368 (D. Del. 2009) ("The first-filed doctrine does not apply when similar actions are pending concurrently in federal and state court, as the rule encourages sound judicial administration and promotes comity *among federal courts of equal rank.*" (internal quotations omitted)). This is evident from the case authority cited by Defendants. *See Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1363 (Fed. Cir. 2020) (addressing application of the first-filed doctrine in cases brought in the Eastern District of Pennsylvania and the Northern District of New York); *Time Warner Cable, Inc. v. GPNE Corp.*, 497 F. Supp. 2d 584, 589-90 (D. Del. 2007) (addressing first-filed litigation in the Eastern District of Texas); *Asten Inc. v. Weavexx Corp.*, C.A. No. 99-593-GMS, 2000 WL 1728354, at

---

[12] In their four-page opposition to Kaufman's motion for leave to amend, Defendants do not state that the proposed amendment would be futile. (D.I. 37)

*1 (D. Del. Feb. 11, 2000) (addressing first filed litigation in the Eastern District of North Carolina). Defendants' argument regarding Kaufman's alleged bad faith is unpersuasive.

Having granted Kaufman's motion for leave to file the SAC, I recommend that the court DENY as moot Defendants' motion to dismiss, (D.I. 9), as it relates to the FAC, (D.I. 12, Ex. C). *See Apex Clearing Corp. v. Axos Fin. Inc.*, C.A. No. 19-2066-MN, 2022 WL 3153857, at *3 (D. Del. Aug. 8, 2022). I further recommend that the court DENY Defendants' alternative motion to transfer venue to the Central District of California under 28 U.S.C. § 1404(a) for the reasons discussed herein. (D.I. 9)

## B. Remand under 28 U.S.C. § 1447(c)

Kaufman's motion to remand presents a threshold issue of subject matter jurisdiction. *See HF Hunter Shipping PTE Ltd. v. Atl. Oceanic LLC*, C.A. No. 25-573-JLH-EGT, 2025 WL 3063456, at *2 (D. Del. Nov. 3, 2025). "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007).

Removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides that a defendant in a civil action pending in state court may remove that action to a district court that has original jurisdiction and is located in the district where the state action is pending. 28 U.S.C. § 1441(a). Original jurisdiction generally exists where a federal question is at issue or where there is diversity of citizenship under 28 U.S.C. § 1332. Defendants' original and amended notices of removal state that this court has diversity jurisdiction over the litigation pursuant to 28 U.S.C. § 1332.[13] (D.I. 1 at ¶ 9; D.I. 5 at ¶ 2)

---

[13] Defendants' original notice of removal states that the amount in controversy exceeds the sum of $75,000. (D.I. 1 at ¶ 9) The amount in controversy is determined from the face of the

9

Federal diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (noting that Section 1332 has been "consistently interpreted" to require complete diversity). "If at any time before final judgment the district court discovers that it lacks subject matter jurisdiction to hear the [removed] case, the case must be remanded." 28 U.S.C. § 1447(c). The Third Circuit has cautioned that "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.' " *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

I recommend that the court GRANT Kaufman's motion for remand. *See HF Hunter Shipping*, 2025 WL 3063456, at *2 (explaining that "any doubts about the existence of federal jurisdiction must be resolved in favor of remand."). The SAC adds Muso.AI, a citizen of California, as a derivative plaintiff. (D.I. 23-1 at ¶ 5) Defendants Baumgardner and JB Music Data, LLC are also citizens of California. (*Id.* at ¶¶ 6-7) The presence of California citizens on both sides of the case destroys complete diversity. *See Caterpillar*, 519 U.S. at 68. Accordingly, the case should be remanded based on this court's lack of subject matter jurisdiction.

Defendants contend that remand should be denied because Muso.AI is not an indispensable party, and the court has discretion under Rules 19(b) and 21 to allow the case to

---

complaint at the time of removal, and when the complaint does not assert a monetary amount associated with the requested relief, the court may look to the notice of removal to determine the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Because Kaufman does not contest the amount-in-controversy allegation in Defendants' notice of removal, Defendants are not required to submit evidence proving the amount by a preponderance of the evidence. *See Polanco v. Amguard Ins. Co.*, C.A. No. 18-331-CFC, 2018 WL 6380707, at *2 (D. Del. Dec. 6, 2018).

proceed among the existing parties to the suit without joining Muso.AI. (D.I. 38 at 3) But the authority cited by Defendants states that "a closely held legal entity is not necessarily an indispensable party when all of its shareholders or members are already parties to the suit." *Bountiful Capital, LLC v. Kaminski*, 2026 WL 92101, at *5 (M.D. Pa. Jan. 13, 2026) (citing *HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1190 (3d Cir. 1996)). Defendants acknowledge that "Muso.AI has three founders, two of whom (Kaufman and Baumgardner) are already existing parties to this suit[,]" but de Keijzer is not a party to this action. (D.I. 38 at 4) They attempt to minimize this fact by alleging that, "[a]lthough Defendants do not acknowledge any validity of [de Keijzer's transfer of shares to Kaufman], according to Kaufman's own allegations and claims all current shareholders of Muso.AI are already parties to this suit." (*Id.*) In the interest of resolving all doubts in favor of remand, I recommend that the court decline to exercise its discretion to allow the case to proceed without Muso.AI. *See Boyer*, 913 F.2d at 111.

Defendants also allege that diversity of citizenship is not destroyed as to Counts I and II of the SAC because Muso.AI is not a real party in interest to those claims, and Count III is the only derivative claim brought by Muso.AI. (D.I. 38 at 2-3) Defendants' argument on this point is thin and untethered to any request to sever claims. For example, Defendants state in conclusory fashion that "Counts I & II are . . . direct claims" without identifying the names of the causes of action raised in those counts. (*Id.*) Defendants cite *Bumberger v. Insurance Co. of North America* without applying it to the facts of this case. 952 F.2d 764, 767 (3d Cir. 1991) (discussing nominal parties without expressly addressing derivative claims).

The remaining arguments raised by Kaufman in support of remand are not persuasive. For example, Kaufman argues that the internal affairs doctrine supports remand. (D.I. 25 at 7) But Kaufman explicitly acknowledges that the internal affairs doctrine "is a longstanding choice

11

of law principle" and fails to explain how it relates to the jurisdictional analysis required by a motion for remand. (*Id.*) "The modern internal affairs doctrine is treated as a choice of law rule, not a jurisdictional principle." *FTE Networks, Inc. v. Szkaradek*, C.A. No. 22-785-WCB, 2023 WL 8650002, at *4 (D. Del. Dec. 14, 2023).

Kaufman also contends that this court should abstain from exercising jurisdiction under the *Burford* abstention doctrine, a narrow and extraordinary exception which requires abstention when assuming jurisdiction would be "disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976); *see In re Patriot Nat'l, Inc.*, 623 B.R. 696, 714 (D. Del. 2020). Case authority from this district has recognized that "[c]ases implicating *Burford* abstention generally involve state orders against an individual party that a plaintiff seeks to enjoin in federal court." *Polak v. Kobayashi*, C.A. No. 05-330 JJF, 2005 WL 2008306, at *3 (D. Del. Aug. 22, 2005). This lawsuit presents a dispute between two directors of a corporation, and Kaufman cites no "proceedings or orders of state administrative agencies" at issue. Thus, abstention pursuant to *Burford* is not appropriate here.

## III.   CONCLUSION

For the following reasons, the motion for leave to file the SAC is GRANTED and the motion to expedite and motion for leave to file a sur-reply are DENIED as moot. (D.I. 22; D.I. 26; D.I. 40) I recommend that the court GRANT Kaufman's motion for remand and REMAND the case to the Delaware Court of Chancery. (D.I. 24) I further recommend that the court DENY as moot Defendants' motion to dismiss the FAC because it is superseded by the SAC. (D.I. 9)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R.

12

Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 21, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

13