IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AARON KAUFMAN,

              Plaintiff,

     v.

JAY BAUMGARDNER and JB
MUSIC DATA, LLC,

              Defendants.

Civil Action No. 26-54-CFC-SRF

## MEMORANDUM ORDER

Pending before me are Objections to the Magistrate Judge's Report and Recommendation (D.I. 45) filed by Defendants Jay Baumgardner and JB Music Data, LLC. Plaintiff Aaron Kaufman did not file any objections. The Magistrate Judge in her Report and Recommendation (D.I. 44)

(1) granted Kaufman's Motion for Leave to File the Second Amended Verified Complaint (D.I. 22) (the Motion to Amend) to, among other things, add AK Holdings PLLC and Muso SPV LLC as plaintiffs and Muso.AI Inc. as a derivative plaintiff, D.I. 44 at 2, 6–9, 12;

(2) recommended that I deny as moot Defendants' Motion to Dismiss the First Amended Verified Complaint (D.I. 9), D.I. 44 at 2, 9, 12;

(3) recommended that I deny Defendants' alternative Motion to Transfer to the Central District of California (D.I. 9), D.I. 44 at 8–9;

(4) denied as moot Kaufman's Motion for Leave to File Surreply in opposition to Defendants' Motion to Dismiss (D.I. 40), D.I. 44 at 2, 12;

(5) recommended that I grant Kaufman's Motion to Remand (D.I. 24) to the Delaware Court of Chancery, D.I. 44 at 2, 9–12; and

(6) denied as moot Kaufman's Motion for Expedited Consideration of his Motion to Remand (D.I. 26), D.I. 44 at 2, 12.

Defendants object to the Report and Recommendation (1) addressing Kaufman's Motion to Amend before Defendants' alternative Motion to Transfer, D.I. 45 at 3, 10; (2) recommending that I deny the alternative Motion to Transfer without analysis of the *Jumara* factors, D.I. 45 at 1, 3, 8–10; (3) granting the Motion to Amend without applying "closer scrutiny" than the legal standard applied, D.I. 45 at 1–3, 5–8, 10; and (4) recommending that I grant the Motion to Remand, D.I. 45 at 1, 3, 4–5, 10.

The Magistrate Judge had the authority to make her findings and recommendations with respect to the Motion to Amend, alternative Motion to Transfer, Motion for Leave to File Surreply, and Motion for Expedited Consideration of the Motion to Remand under 28 U.S.C. § 636(b)(1)(A). I "may reconsider" her ruling "where it has been shown that [it] . . . is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Under that standard, the Magistrate Judge's factual determinations will stand unless they

are "completely devoid of minimum evidentiary support . . . , or . . . bear[ ] no rational relationship to the supportive evidentiary data." *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 388 (D. Del. 2014) (citation omitted). I review the Magistrate Judge's legal conclusions *de novo*. *N.L.R.B. v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992).

The Magistrate Judge had the authority to make her recommendations for the disposition of the Motion to Remand and Motion to Dismiss pursuant to 28 U.S.C. § 636(b)(1)(B). I review *de novo* those Magistrate Judge's recommendations to which objections have been filed. Fed. R. Civ. P. 72(b)(3).[1]

I.

I will first address the order of motions.

Defendants object to the Magistrate Judge addressing Kaufman's Motion to Amend before Defendants' alternative Motion to Transfer "particularly in light of the heightened standards applicable to a plaintiff seeking to destroy diversity by adding other non-diverse plaintiffs in post-removal proceedings." D.I. 45 at 3. But Defendants cite no legal authority requiring a district court to prioritize an

---

[1] Defendants argue that I should apply a *de novo* standard of review to the Motion to Amend because of "the inextricable nexus between amending and remanding the complaint." D.I. 45 at 8. But each of the cases cited by Defendants relates to a motion to remand—not another motion with an "inextricable nexus" to remand— and do not support such a proposition. *See also* D.I. 38 at 2–5 (Defendants' answering brief to the Motion to Remand arguing that this Court granting the Motion to Amend does not necessitate remanding the entire action).

alternative motion to transfer—particularly over a motion for leave to file an amended complaint that may impact the transfer analysis. *See generally* D.I. 45. Accordingly, I will overrule that objection, and I will not address the alternative Motion to Transfer before all other pending motions.

To the extent that Defendants object to the Magistrate Judge "mis-ordering the proceedings" and suggest that I should "conduct a *de novo* review to deny Plaintiff's motion to remand" and then modify or set aside the Report and Recommendation's grant of the Motion to Amend and "deny Plaintiff's motion for leave to amend" (D.I. 45 at 3), I will also overrule that objection. Defendants do not specifically object to any of the Magistrate Judge's reasons for addressing the Motion to Amend before the Motion to Remand (D.I. 44 at 5–6). *See generally* D.I. 45. And Kaufman in his Motion to Remand did not challenge this Court's subject-matter jurisdiction to address his earlier filed Motion to Amend. *See generally* D.I. 25 (Kaufman not alleging that Defendants failed to meet 28 U.S.C. § 1441(a)'s statutory requirement that there be complete diversity at the time of removal); *see also* D.I. 25 at 2–3 ("[A]ssuming the Court grants Plaintiff's Motion to Amend the Complaint, there is no longer complete diversity of citizenship . . . and . . . even if diversity jurisdiction existed, this Court should abstain under the Burford abstention doctrine"); *Williams v. Murdoch*, 350 F.2d 840, 842 (3d Cir. 1965) ("[T]he exercise of the abstention power assumes a case properly within the

4

jurisdiction of a United States district court. . . . [T]he abstention doctrine necessarily involves the discretion to postpone or to decline the exercise of jurisdiction by the United States district court."). Accordingly, I will address the Motion to Amend before the Motion to Remand.

II.

I turn to address the Report and Recommendation's nondispositive ruling to grant Kaufman's Motion to Amend.

Defendants do not object to the overarching legal standard that the Magistrate Judge applied to the Motion to Amend (D.I. 44 at 6–7):

> Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend the complaint] when justice so requires." "The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities." *S. Track & Pump, Inc. v. Terex Corp.,* 722 F. Supp. 2d 509, 520 (D. Del. 2010) (citing *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990)). Absent a showing of undue delay, bad faith or dilatory motive, undue prejudice, repeated failure to cure deficiencies by amendment previously allowed, or futility of the amendment, leave to amend under Rule 15 should generally be permitted. *Id* at 520–21 (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

*See generally* D.I. 45. But Defendants object to the Magistrate Judge applying 28 U.S.C. § 1447(e) and the Fifth Circuit's *Hensgens* factors that, according to Defendants, are "the incorrect standard for leave to amend when a plaintiff in an

action removed on diversity grounds seeks to add a non-diverse plaintiff and destroy complete diversity." D.I. 45 at 1–3, 5–8, 10.

I will overrule Defendants' objection to the Magistrate Judge applying 28 U.S.C. § 1447(e) (D.I. 45 at 5–7) because she did not. *See* D.I. 44 at 7 ("Defendants correctly note that the statute cited by Kaufman, 28 U.S.C. § 1447(e), only governs a plaintiff's request to join non-diverse *defendants* after removal, and the diversity-destroying aspect of the proposed SAC is the addition of Muso.AI as a derivative *plaintiff*.") (emphases in original).

I will also overrule Defendants' objection to the Magistrate Judge applying the *Hensgens* factors (D.I. 45 at 5–7) because Defendants have not shown that consideration of the Fifth Circuit's *Hensgens* factors is clearly erroneous or contrary to Third Circuit or Supreme Court law. The district court cases that Defendants cite (D.I. 45 at 6–7) are not binding on this Court and were not raised in Defendants' answering brief to the motion to amend. And Defendants do not object to the Magistrate Judge's factual determination that "the [C]ourt finds no evidence that Kaufman's primary intent in adding Muso.AI as a party was to destroy diversity jurisdiction" (D.I. 44 at 7–8). *See generally* D.I. 45.

I note that even if I sustained Defendants' objection to the Magistrate Judge applying the *Hensgens* factors, I would still grant the Motion to Amend based on Defendants' failure to show "undue delay, bad faith or dilatory motive on the part

of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *See Foman,* 371 U.S. at 182. (Defendants also do not object to the Magistrate Judge's finding that Kaufman's proposed Second Amended Complaint does not represent "a bad faith attempt at forum shopping which would result in undue prejudice to Defendants" (D.I. 44 at 8–9). *See generally* D.I. 45.)

Accordingly, I will adopt the Report and Recommendation insofar as it grants the Motion to Amend, and I will grant the Motion to Amend.

### III.

I turn next to the Magistrate Judge's recommendation that I grant Kaufman's Motion to Remand.

Defendants broadly "object to the Magistrate Judge's Report and Recommendation . . . granting remand of the action," D.I. 45 at 1, but do not specifically object to any of the Magistrate Judge's findings or legal conclusions that (1) this Court lacks subject-matter jurisdiction based on a lack of complete diversity among the parties in this action based on the Second Amended Verified Complaint, or (2) Kaufman's remaining internal affairs doctrine and *Burford* abstention doctrine arguments in support of remand are not persuasive, *see generally* D.I. 45.

Defendants argue in passing that the time-of-filing rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing." D.I. 45 at 5 (quoting *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004)). But the Supreme Court in *Grupo Dataflux* goes on to clarify that the time-of-filing rule requires that "[w]here there is *no* change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." *Grupo Dataflux*, 541 U.S. at 571, 575 (emphasis in original). Accordingly, while the removability under § 1441(a) is generally judged as of the time of removal, *see Westmoreland Hosp. Ass'n v. Blue Cross of W. Pennsylvania*, 605 F.2d 119, 123 (3d Cir. 1979), post-removal events may warrant remand pursuant to 28 U.S.C. § 1447(c) even if the case was properly removed.

Because I agree with the Magistrate Judge that remand is warranted based on lack of subject-matter jurisdiction after Kaufman's Motion to Amend is granted and the Second Amended Verified Complaint is docketed, I will accept the Magistrate Judge's recommendation that I grant the Motion to Remand, and I will remand this action to the Delaware Court of Chancery.

IV.

I need not and do not reach Defendants' Motion to Dismiss, or in the Alternative, 28 U.S.C. § 1404(a) Motion to Transfer to the Central District of

8

California, or in the Alternative to Stay the Action (D.I. 9). Accordingly, I will reject the Magistrate Judge's recommendations that I deny as moot the motion to dismiss the First Amended Complaint and deny the alternative motion to transfer.

\* \* \* \*

NOW THEREFORE, at Wilmington on this Eighteenth Day of May in 2026, it is HEREBY ORDERED that:

1. Defendants' Objection to the Magistrate Judge's Report and Recommendation (D.I. 45) is OVERRULED;

2. The Report and Recommendation (D.I. 44) is REJECTED IN PART and ADOPTED IN PART;

3. Plaintiff's Motion for Leave to File the Second Amended Verified Complaint (D.I. 22) is GRANTED;

4. The Clerk of Court is directed to docket Plaintiff's proposed Second Amended Verified Complaint (D.I. 23-1) as the Second Amended Verified Complaint pursuant to District of Delaware Local Rule 15.1;

5. Plaintiff's Motion to Remand (D.I. 24) is GRANTED; and

6. The Clerk of Court is directed to REMAND this action to the Court of

Chancery of the State of Delaware.

_____
CHIEF JUDGE

10